# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

**Tori Schrank**

**On behalf of herself and
all others similarly situated**

    **Plaintiffs**

    **v.**

**Cleveland Pub, Inc.**

    **Defendant.**

Case No. _____  26-cv-1247

## COMPLAINT

Plaintiff, by her attorneys, for her Complaint against Defendant states as follows:

1.    This is an individual and collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiff Schrank, on behalf of herself and other current and former hourly employees of Cleveland Pub, Inc., ("Cleveland Pub"), to seek redress for Cleveland Pub's deliberate policy to not pay overtime premium pay to its hourly employees for each of their hours worked over 40 per week.

## JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3.    This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same failure to pay overtime pay, and therefore the same nucleus of operative facts, and therefore form the same case or controversy as her FLSA claims.

1

4. This Court has personal jurisdiction over Cleveland Pub because it conducts all of its business activities within the Eastern District of Wisconsin.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because all of the events giving rise to the claims described herein occurred in this district.

## THE PARTIES

6. Named Plaintiff Schrank is an adult resident of the State of Wisconsin who is a current employee of Cleveland Pub. A copy of the FLSA consent signed by Schrank is being filed with the Court at the same time that this Complaint is filed with the Court.

7. Defendant Cleveland Pub is a domestic Wisconsin corporation that engages in the enterprise of operating a bar and restaurant for profit, which employs persons in Wisconsin. Cleveland Pub's employees engage in interstate commerce by, for example, initiating interstate credit card transactions, ordering food and beverage products that are moved in interstate commerce, and handling food and beverage products that had moved in interstate commerce. The ultimate consumer of these food and beverage products is Cleveland Pub's customers rather than Cleveland Pub itself. During each year between 2023 and the present, Cleveland Pub has had annual gross volume of business that exceeded $500,000.

## FACTS

9. Plaintiff has received three different rates while working as an hourly employee at Cleveland Pub: A rate of between $19 and $21 per hour for her time spent working in the kitchen primarily as a cook, a rate of $10 per hour for her time spent working as a food runner, and $3 per hour plus tips for her time spent working as a server. For each hour that Plaintiff worked as a server Cleveland Pub claimed a tip credit of $4.25.

2

10. On each day that Plaintiff worked at Cleveland Pub, she would punch in and punch out electronically. Plaintiff would also punch out and punch back in each time that the type of work that she performed changes. As a result of Plaintiff's time clock punches, for each workweek Cleveland Pub maintains records showing the number of hours that Plaintiff spent performing each type of work during the week, the total number of hours over 40 that Plaintiff worked for the week, and the number of overtime hours that Plaintiff spent performing each type of work. Cleveland Pub's time records separately compute and identify the total number of regular (i.e. straight time) and overtime hours that Plaintiff worked during each semimonthly pay period.

11. During the past two years Plaintiff regularly worked more than 40 hours per week.

12. Plaintiff has never received from Cleveland Pub overtime premium pay for each of her hours worked over 40 for any workweek.

13 When Plaintiff worked fewer than 80 hours during a semimonthly pay period but worked more than 40 hours during at least one week during the pay period, Cleveland Pub would usually pay Plaintiff's overtime hours worked on her paycheck at straight time wage rates. For example, for the pay period of April 16 to 30, 2026, Plaintiff receive pay at straight time rates only on her check for 63.43 hours, including 3.06 hours that she worked after she had already worked 40 hours for a workweek.

14. When Plaintiff worked more than 80 hours during a semimonthly pay period and worked more than 40 hours during at least one week during the pay period, Cleveland Pub would usually pay Plaintiff in cash, at her straight time pay rates, for her overtime hours worked. For example, for the pay period of April 1 to 15, 2026, Plaintiff was paid on her check for her 86.71 straight time hours worked but was paid cash for her 5.68 overtime hours worked. Upon information and belief, Cleveland Pub paid for Plaintiff's overtime hours in cash to avoid issuing

3

to Plaintiff paychecks that only paid her straight time pay for well over 80 hours worked during a pay period, so that it would be readily apparent that Plaintiff was paid at straight time wage rates for her overtime hours worked.

15. When Plaintiff asked management at Cleveland Pub why she wasn't receiving overtime premium pay for her hours worked over 40 each week, she was told that her receipt of straight time pay on her check and overtime pay in cash would even out the taxes, i.e. that the alleged tax savings from Plaintiff receiving pay in cash for her overtime hours worked (at straight time rates) can offset the overtime premium pay that Plaintiff should have been but was not receiving for her overtime hours worked.

## .COLLECTIVE ALLEGATIONS

16. Plaintiff brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other hourly paid Cleveland Pub employees who reported to Cleveland Pub that they worked more than 40 hours during a week, yet did not receive any overtime premium pay for their overtime hours worked during the week. All such employees are similarly situated because they were eligible for but did not receive overtime premium pay for their hours worked over 40 per week, regardless of what straight time rates they earned for their hours worked, and regardless of whether Cleveland Pub claimed a tip credit towards the minimum wage owed to them for some of their hours worked. The different rates of pay only affect the computation of the amount of damages, but not the liability determination of whether Cleveland Pub owes some overtime premium pay to its hourly paid employees for each of their hours worked over 40 for the week.

4

17.     Plaintiff is similarly situated to all other members of the proposed collective because she regularly worked more than 40 hours per week without receiving overtime premium pay for each of her hours worked over 40 each week.

## CLASS ALLEGATIONS

18.     Plaintiff seeks to represent the following classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly paid employees who worked at Cleveland Pub on or after July 16, 2024.

19.     The class includes all hourly paid employees who worked at Cleveland Pub on or after July 16, 2024 because all such hourly paid employees were subject to, and therefore could have been harmed by Cleveland Pub's uniform policy of not paying overtime premium pay to its employees for each of their hours worked over 40 for the week. Taking into account employee turnover, and upon information and belief, since July 16, 2024 Cleveland Pub has employed 100 or more hourly paid employees.

20.     Commonality is satisfied because the Court can uniformly decide whether there are any overtime exemptions that could apply to hourly paid employees who work in restaurants; and if not how overtime premium pay that Cleveland Pub owes to each of its hourly employees for their hours worked over 40 each week should be computed.

21.     Named Plaintiff's claims are typical of other class members because they are all hourly paid employees who work in a restaurant so that no overtime exemptions can apply to them; yet were subject to Cleveland Pub's deliberate and uniform policy to not pay overtime premium pay to its hourly paid employees for their hours worked over 40 each week.

5

22. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class because she has been victimized by each uniform policy at issue in this case, she has a financial incentive to obtain a ruling that hourly paid employees working in a bar or restaurant are entitled to overtime pay, her prosecution of this lawsuit will protect the right to overtime compensation rather than harm the concrete interests of any other class members, her claim for overtime premium pay is not subject to any unique defenses when compared to the claims of other class members, and she has retained counsel experienced in representing employees in litigation for overtime compensation.

23. The question of whether employees who work at restaurants are exempt from overtime pay is the predominant common question because the answer to this question will decide Cleveland Pub's liability to each class member; while the Court can decide whether and the extent that each class member was harmed by applying a uniform formula to Cleveland Pub's own time and payroll records. The manner that Cleveland Pub paid straight time pay to class members, such as whether it claimed a tip credit towards the minimum wage owed to them, only affects the amount of damages that class members are entitled to, but not either liability or the appropriate formula to use to compute damages.

24. A class action is superior to other available methods for the fair and efficient adjudication of this case. The damages suffered by individual members of the class are likely in the range of a few thousand dollars per year at most, and are too small to generate a contingency fee that could justify retained counsel bearing the risks of contingency fee litigation, so that the alternative to class wide litigation is no litigation at all, resulting in class members recovering none of the overtime wages that they are owed. Proceeding as a class action will also obviate the

6

need for unduly duplicative litigation that might result in inconsistent judgments related to the Wisconsin claims for overtime compensation that Plaintiff is bringing.

**COUNT I.    FAILURE TO PAY OVERTIME PAY IN VIOLATION OF THE FLSA.**

25.    Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1- 24 of the Complaint.

26.    Cleveland Pub is an employer subject to the Fair Labor Standards Act because it had a common business purpose of operating a bar and restaurant for profit, because its employees engaged in interstate commerce by initiating interstate credit transactions, ordering food and beverage products that move in interstate commerce, and handling food and beverage products that had moved in interstate commerce; and because since 2023 it has always had annual volume of business that equal or exceed $500,000.

27.    While the FLSA recognizes a number of exemptions from overtime compensation, none of these exemptions apply to hourly paid employees who work in a bar or restaurant.

28.    Cleveland Pub therefore violated the FLSA by not paying overtime premium pay to Plaintiff for each of her hours worked over 40 per week.

29.    Cleveland Pub either knew or should have known that it was required to pay its hourly employees overtime premium pay for each of their hours worked over 40 per week when it separately kept track of the number of straight time and overtime hours that its employees worked during each pay period, when it paid Plaintiff in cash for her overtime hours worked to cover up its failure to pay overtime premium pay to her, and when it claimed Plaintiff receive payments in cash would produce tax savings that offset the overtime premium pay she should have received. Plaintiff therefore is entitled to both 100% liquidated damages on all overtime premium pay that

7

Cleveland Pub should have but failed to pay to her, plus the application of a three-year statute of limitations for Cleveland Pub's willful violations of the FLSA.

30. Plaintiff is also entitled to recover her reasonable market value attorneys' fees and costs incurred in prosecuting her FLSA overtime claim.

## COUNT II. FAILURE TO PAY OVERTIME PAY IN VIOLATION OF WISCONSIN LAW.

31. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1-30 of the Complaint.

32. Cleveland Pub is an employer within the meaning of Wis. Stat. §109.01(2) because it engages in the activity of employing one or more persons within the State of Wisconsin.

33. Because Cleveland Pub is a restaurant that is designed to make a profit, it is covered by Chapter 274 of the Department of Workforce Development ("DWD") regulations.

34. While Wisconsin regulations recognize a number of exemptions from overtime compensation, none of these exemptions apply to an hourly paid employee who work in a Wisconsin bar or restaurant.

35. Therefore, pursuant to DWD §274.03, Cleveland Pub is required to pay overtime premium pay to Plaintiff for each of her hours worked over 40 per week.

36. Wis. Stat. §109.03(1) requires employers to pay all wages to their employees within 31 days of when the wages were earned by the employees. Wages earned by employees include wages required by DWD regulations, such as overtime premium pay that Plaintiff earned for each of her hours worked over 40 per week.

37. Cleveland Pub therefore violated Wis. Stat. §109.03(1) by failing to pay Plaintiff all overtime premium pay earned by her within 31 days of when she earned the overtime premium

8

pay, so that Plaintiff is entitled to bring suit pursuant to Wis. Stat. §109.03(5) to recover overtime premium pay that Cleveland Pub owes to her.

38. Pursuant to Wis. Stat. §109.03(6), Plaintiff is entitled to recover costs including actual attorneys' fees that she incurred to bring this cause of action.

39. Because Cleveland Pub paid Plaintiff in cash for her overtime hours worked to cover up its failure to pay overtime premium pay to her, and used alleged tax savings from cash payments to justify its failure to pay overtime premium pay to Plaintiff, Cleveland Pub knew that Plaintiff was entitled to overtime premium pay for each of her hours worked over 40 per week, so that it withheld overtime premium pay from Plaintiff for dilatory or unjust reasons. Plaintiff therefore is entitled to recover the 50% civil penalty provided by Wis. Stat. §109.11(2)(a).

40. FLSA liquidated damages and a Wis. Stat. §109.11(2)(a) penalty do not constitute a double recovery for the same injury because FLSA liquidated damages and the Wis. Stat. §109.11(2)(a) penalty serve different purposes. Whereas the FLSA liquidated damage provision provides compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages; an award under §109.11(2)(a) is a penalty imposed on the employer for withholding wages owed to the employee for dilatory or unjust reasons. Therefore, for the same unpaid overtime premium pay Plaintiff should be permitted to recover both FLSA liquidated damages and the §109.11(2)(a) penalty.

41. Because Cleveland Pub maintained all records needed to compute the amount of overtime premium pay owed to Plaintiff, there was a reasonably certain standard of measurement for ascertaining the amount of overtime premium pay that Cleveland Pub owes to Plaintiff, so that Plaintiff is entitled to recover prejudgment interest on all overtime premium pay that Cleveland Pub owes to her.

9

WHEREFORE, Plaintiff respectfully requests the Court to enter an order that:

a.     Finds that Cleveland Pub is liable to her and other Collective Members for all FLSA overtime premium pay owed to them, plus 100% liquidated damages;

b.     Finds that Cleveland Pub is liable to her and other class members for all Wisconsin overtime premium pay owed to them, plus the 50% penalty authorized by Wis. Stat. §109.11(2)(a), plus prejudgment interest;

c.     Awards to her reasonable market value attorneys' fees and costs incurred in maintaining and prosecuting this case; and

d.     Such other and further relief as the Court deems just and proper.

Dated this 16th day of July, 2026.

/s/Yingtao Ho
Yingtao Ho
Email: yh@previant.com
Attorney for Plaintiff
The Previant Law Firm S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Tori Schrank, hereby consents to participate in the lawsuit against Cleveland Pub, Inc., along with any owners or managing agents of Cleveland Pub, Inc., who may be responsible for the underpayment of overtime pay to me (Hereinafter "Employers") under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employers failed to pay to me any overtime pay for most of my hours worked over 40 per week, so that I am consenting to join in a lawsuit for unpaid overtime wages, liquidated damages, attorneys' fees and costs against Employers.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: July 9, 2026

Signed: *Tori Schrank*